UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JACQUELYNN NICKLER, | Case No. 2:14-CV-1907 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| COUNTY OF CLARK, et al., | |
| Defendant(s). | |

Presently before the court is defendant Steven D. Grierson's ("Grierson") motion to dismiss. (Doc. # 12). Defendants Clark County and Kathleen Lambermont ("Lambermont") filed a joinder to the motion. (Doc. # 18). Plaintiff Jacquelynn Nickler ("plaintiff") filed responses to the motion, (doc. # 28), and the joinder, (doc. # 36). Defendants replied. (Docs. # 40, 41).

This is a civil rights case brought under 42 U.S.C. § 1983. Plaintiff works as a district attorney team clerk with the Clark County district attorney's office at the Regional Justice Center ("RJC"). At the relevant time, defendant Grierson was the RJC court executive officer. Defendant Lambermont was employed as an administrator for the Clark County district attorney's office. (Doc. # 1).

The instant action arises out of incidents occurring on December 17, 2012. Plaintiff made a statement while working that was construed as a threat.[1] She was suspended pending an investigation, and eventually permitted to return to work. However, plaintiff's "badging privileges" were removed. Unlike other employees, she must now submit to a search each time

---

[1] The extensive factual details of the events at issue have been set forth in a prior order. (Doc. # 39).

**James C. Mahan**
**U.S. District Judge**

she enters the RJC.  Plaintiff also alleges that defendants improperly insisted on obtaining her private information connected to a mental health evaluation during her suspension.  (Doc. # 1).

Based on the foregoing, plaintiff filed a complaint with this court asserting (1) a cause of action under 42 U.S.C. § 1983 for various constitutional violations; (2) a *Monell* claim; and (3) a cause of action for negligence.  (Doc. # 1).  On February 12, 2015, plaintiff filed a motion for a preliminary injunction.  (Doc. # 8).  On April 22, 2015, the court denied the motion.  (Doc. # 39).  On May 22, 2015, plaintiff filed a notice of appeal as to the court's order denying her motion.  (Doc. # 43).

Once a party files a notice of appeal, the district court is normally divested of jurisdiction over aspects of the case involved in the appeal.  *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  In denying plaintiff's motion for a preliminary injunction, the court concluded that plaintiff failed to show a likelihood of success on the merits of any of her claims.  (Doc. # 39).  Plaintiff has sought appellate review of the court's order.  (Doc. # 43).

Accordingly, the court finds it inappropriate to rule on the instant motion to dismiss.  Defendant Grierson seeks a ruling that plaintiff's complaint fails to state a claim against him under Federal Rule of Civil Procedure 12(b)(6).  (Doc. # 12).  Defendants Clark County and Lambermont joined defendant Grierson's motion on the same grounds.  (Doc. # 18).  Plaintiff has appealed this court's findings as to the merits of her claims.  The court will therefore decline to rule on these aspects of the case, as they are involved in the appeal.

Based on the foregoing, the court will deny the instant motion for lack of jurisdiction.  The parties may refile any motions as appropriate upon resolution of the appeal.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Steven D. Grierson's motion to dismiss, (doc. # 12), be, and the same hereby is, DENIED.

DATED June 1, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -