ROBERT W. FREEMAN
Nevada Bar No. 3062
CAYLA WITTY
Nevada Bar No. 12897
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
     Attorneys for Defendants
     County of Clark,
     Kathleen Lambermont

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| JACQUELYNN NICKLER,<br><br>     Plaintiff,<br><br>vs.<br><br>COUNTY OF CLARK, organized and of the existing under the laws of State of Nevada; STEVEN D. GRIERSON, court administrator, individually; KATHLEEN LAMBERMONT, administrator of the Clark County District Attorney's office, individually; and DOE 1 through 10, inclusive,<br><br>     Defendants. | CASE NO. 2:14-cv-1907-JCM-CWH<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiff Jacquelynn Nickler, by and through her counsel of record, Cal J. Potter, III, Esq., and C.J. Potter, IV, Esq., Defendant Steven D. Grierson, by and through his counsel of record, Senior Deputy Attorney General Frederick J. Perdomo, Esq., and Defendants Clark County and Kathleen Lambermont, by and through their attorneys, Robert W. Freeman, Esq., and Cayla Witty, Esq., hereby agree and stipulate as follows:

     1.     The parties enter into this Stipulation and Protective Order under Federal Rule of Civil Procedure 26(c) to establish procedures for the handling of documents produced by the parties in response to discovery requests.

     2.     Any party may designate and mark certain documents produced in response to discovery requests as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." The party

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-5978-1176.1

1  designating such documents shall be referred to as the Designating Party and any party in receipt

2  of such documents shall be referred to as the Receiving Party. Documents so marked may be used

3  only for purposes of this litigation.

4        3.    Except as otherwise ordered by this Court, documents marked "CONFIDENTIAL"

5  or "SUBJECT TO PROTECTIVE ORDER" and the contents of documents so marked may be

6  disclosed only to the parties, including employees and agents of Clark County necessary for the

7  purposes of this litigation, and the following persons:

8          (a)    counsel of record for Plaintiff;

9          (b)    counsel of record for Defendants;

10          (c)    the non-technical and clerical staff employed by counsel of record;

11          (d)    interpreters and copying services employed by counsel of record's employer

12  to the extent reasonably necessary to render professional services in this case;

13          (e)    any private court reporter retained by counsel for depositions in this case;

14          (f)    subject to the terms of paragraph 5, persons retained by counsel to serve as

15  expert witnesses or consultants in this case; and

16          (g)    personnel of the Court, including court reporters, officials and employees of

17  the Clerk of Court, and staff of the presiding United States District Judge and United States

18  Magistrate Judge, to the extent deemed necessary by the Court.

19        4.    If counsel for a Receiving Party determines that it is necessary to disclose any

20  document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any

21  persons other than the individuals included in paragraph 3, that counsel shall set forth the grounds

22  for the disclosure and seek the written consent of counsel for the Designating Party. The

23  Designating Party shall respond to the Receiving Party's request within seven calendar days unless

24  the Receiving Party agrees to a longer period. If counsel for the Designating Party does not

25  consent, counsel for the Receiving Party and counsel for the Designating Party shall within five

26  court days of the Designating Party's response meet and confer in person or telephonically

27  regarding the issue, during which meeting and conference counsel for the Receiving Party shall

28  specify the reasons why disclosure is necessary. If any agreement is not reached, the Designating

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Party shall move the Court within the ten calendar days of the meeting and conference for a

2  protective order preventing disclosure. The Receiving Party shall not disclose the document unless

3  the Designating Party has failed to file a motion within the time allowed or the Court has denied

4  the motion.

5        5.    If counsel for the Receiving Party determines that it is necessary to disclose any

6  document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to an expert

7  or consultants retained to render professional services in this case, that counsel shall notify counsel

8  for the Designating Party in writing at least seven days before the proposed disclosure with the

9  name of the expert or consultant. The Designating Party shall respond to the Receiving Party's

10  notification within seven calendar days unless the Receiving Party agrees to a longer period. If

11  counsel for the Designating Party objects, counsel for the Receiving Party and counsel for the

12  Designating Party shall within five court days of the Designating Party's response meet and confer

13  in person or telephonically regarding the issue. If an agreement is not reached, the Designating

14  Party shall move the court within ten calendar days of the meeting and conference for a protective

15  order preventing disclosure. The Receiving Party shall not disclose the document unless the

16  Designating Party has failed to file a motion within the time allowed or the Court denies the

17  motion.

18        6.    Any party may object to the propriety of the designation of documents as

19  "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" by objecting and setting forth in

20  writing the grounds for the objection. The Designating Party shall respond to the Receiving

21  Party's objection within seven calendar days unless the Receiving Party agrees to a longer period.

22  If an agreement is not reached, counsel for the Receiving Party and counsel for the Designating

23  Party shall within five court days of the Designating Party's response meet and confer in person or

24  telephonically, during which meeting and conference counsel for the Receiving Party shall specify

25  the grounds for objection with respect to each document at issue. If the parties cannot agree, then

26  the Designating Party will then have ten calendar days after the conference of counsel to file a

27  motion to preserve the confidentiality designation. The burden of proof to demonstrate

28  confidential treatment of any information at all times remain with the Designating Party. The

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-5978-1176.1

3

1  parties shall treat the documents as the subject to this Stipulation and Order unless the Designating

2  Party has failed to file a motion within the time allowed or the Court has denied the motion.

3      7.      Before disclosing any document marked "CONFIDENTIAL" or "SUBJECT TO

4  PROTECTIVE ORDER" to any person identified in subparagraph (c) of paragraph 3, counsel for

5  record for the Receiving Party shall advise that person of the terms of this Stipulation and

6  Protective Order and that he or she is bound by those terms. In addition, before disclosing any

7  document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any person

8  identified in subparagraphs (d), (e), or (f) of paragraph 3, counsel for the Receiving Party shall

9  ensure that the person (1) has read and agrees to the terms of this Protective Order and (2) has

10  acknowledged his or her agreement by signing a copy of the attached Acknowledgment before any

11  such document is disclosed to him or her:

12                              ACKNOWLEDGMENT

13      I have read the Stipulation and Protective Order Governing Documents Produced by the

14  Parties in this case. I understand its terms and agree to be bound by the terms of the Protective

15  Order. I understand that my duties under the Protective Order will survive the termination of this

16  case and that failure to comply with its terms may result in the District Court imposing sanctions

17  on me. I consent to personal jurisdiction of the United States District Court for the District of

18  Nevada for the purpose of enforcing the Protective Order.

19      8.      Counsel for each party shall retain copies of the Acknowledgment forms executed

20  by persons authorized for access on behalf of that party until this litigation, including all appeals,

21  concludes. Nothing in this Protective Order restricts the Designation Party's own disclosure of

22  documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

23      9.      Any person receiving access to a document marked "CONFIDENTIAL" or

24  "SUBJECT TO PROTECTIVE ORDER" shall maintain the document, any copies of the

25  document, and any information derived from the document in a confidential manner and shall take

26  steps to avoid disclosure to persons not authorized under this Order to have access to the

27  documents or information.

28      10.      Within thirty days of the conclusion of this litigation, including all appeals, counsel

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-5978-1176.1                                4

1  for the Receiving Party shall destroy or send to counsel for the Designating Party all copies of

2  documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

3       Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of

4  each document filed with the Court that contains or refers to any of the designated documents.

5  Furthermore, nothing in this paragraph shall be construed to require the parties' attorneys to

6  disclose any attorney work-product to opposing counsel.

7       11.    In connection with a deposition in this case, a witness or any counsel may indicate

8  that a question or answer refers to the content of a document marked "CONFIDENTIAL" or

9  "SUBJECT TO PROTECTIVE ORDER." If the indication occurs on the record during the

10 deposition, all persons not authorized to review such documents shall leave the deposition room

11 until completion of the answers referring to the document and the reporter shall mark the transcript

12 of the designated testimony "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

13      12.    This Order does not seal court records in this case or apply to disclosure of

14 Protected Material at trial.  If any party wishes to submit into the written record of this case any

15 document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts

16 from any such document, that party shall seek to submit the document under seal.  Further, the

17 parties understand that documents may be filed under seal only with the permission of the Court

18 after proper motion. Further, the fact that documents have been designated as "CONFIDENTIAL"

19 shall not be admissible evidence that the documents in fact contain information entitled to

20 protection from disclosure under the law.

21      In the event a Party seeks to file Protected Materials with the Court, those documents shall

22 be filed under seal pursuant to Local Rule IA 10-5 for the U.S. District Court of Nevada and the

23 Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir.

24 2006).  If the sole ground for a motion to seal is that the opposing party (or non-party) has

25 designated a document as subject to protection pursuant to this Stipulated Protective Order, the

26 movant must notify the opposing party (or non-party) at least seven days prior to filing the

27 designated document.  The Designating Party must then make a good faith determination if the

28 relevant standard for sealing is met.  To the extent the Designating Party does not believe the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-5978-1176.1

5

1  relevant standard for sealing can be met, it shall indicate that the document may be filed publicly

2  no later than four days after receiving notice of the intended filing.  To the extent the Designating

3  Party believes the relevant standard for sealing can be met, it shall provide a declaration

4  supporting that assertion no later than four days after receiving notice of the intended filing.  The

5  filing party shall then attach that declaration to its motion to seal the designated material.  If the

6  Designating Party fails to provide such a declaration in support of the motion to seal, the filing

7  party shall then file a motion to seal so indicating and the Court may order the document filed in

8  the public record.

9           13.     Nothing in this Stipulation and Protective Order prevents any party from

10  challenging any assertion of privilege by any party, and nothing in this Stipulation and Protective

11  Order constitutes a waiver of any assertion of privilege by any party or precludes any party from

12  moving for consideration of information ex parte and in camera.

13          14.     Anyone found to be in violation of this Order may have sanctions imposed against

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-5978-1176.1                                                6

1  him or her as the Court may determine and allowable under law and may also be subject to

2  contempt of court proceedings.

3  DATED this 26th day of September, 2016.

4  LEWIS BRISBOIS BISGAARD & SMITH

5  _____ NMB. 12897

6  Robert W. Freeman, Esq.
   Nevada Bar No. 3062

7  6385 S. Rainbow Boulevard, Suite 600
   Las Vegas, Nevada 89118

8  Attorneys for Defendants Clark County
            and Kathleen Lambermont

9  DATED this ___ day of September, 2016.

10 POTTER LAW OFFICES

11 _____

12 Cal J. Potter, III, Esq.
   C.J. Potter, IV, Esq.

13 1125 Shadow Lane
   Las Vegas, Nevada 89102

14 Attorneys for Plaintiff Jacquelynn Nickler

15
   DATED this ___ day of September, 2016.

16
   OFFICE OF THE ATTORNEY GENERAL

17
18 _____
   Frederick J. Perdomo, Esq.

19 Deputy Attorney General
   Bureau of Litigation

20 Public Safety Division
   100 N. Carson Street

21 Carson, City, Nevada 89701-4717
   Attorneys for Defendant Steven Grierson

22

23                          **ORDER**

24     IT IS SO ORDERED.

25     DATED this ___September 27___, 2016.

26

27 _____

28      U.S. MAGISTRATE JUDGE

4833-5978-1176.1

1 him or her as the Court may determine and allowable under law and may also be subject to

2 contempt of court proceedings.

3 DATED this ___ day of September, 2016.

4 LEWIS BRISBOIS BISGAARD & SMITH

5 _____

6 Robert W. Freeman, Esq.
Nevada Bar No. 3062

7 6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

8 Attorneys for Defendants Clark County
        and Kathleen Lambermont

9

10 DATED this ___ day of September, 2016.

11 POTTER LAW OFFICES
_____

12 Cal J. Potter, III, Esq.

13 C.J. Potter, IV, Esq.
1125 Shadow Lane

14 Las Vegas, Nevada 89102
Attorneys for Plaintiff Jacquelynn Nickler

15

16 DATED this ___ day of September, 2016.

17 OFFICE OF THE ATTORNEY GENERAL

18 _____
Frederick J. Perdomo, Esq.

19 Deputy Attorney General
Bureau of Litigation

20 Public Safety Division
100 N. Carson Street

21 Carson, City, Nevada 89701-4717
Attorneys for Defendant Steven Grierson

22

23 **ORDER**

24 IT IS SO ORDERED.

25 DATED this ___ day of _____, 2016.

26

27 _____

28 U.S. MAGISTRATE JUDGE

LEWIS
BRISBOIS

him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

DATED this ___ day of September, 2016.

LEWIS BRISBOIS BISGAARD & SMITH

_____
Robert W. Freeman, Esq.
Nevada Bar No. 3062
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants Clark County
        and Kathleen Lambermont

DATED this ___ day of September, 2016.

POTTER LAW OFFICES

_____
Cal J. Potter, III, Esq.
C.J. Potter, IV, Esq.
1125 Shadow Lane
Las Vegas, Nevada 89102
Attorneys for Plaintiff Jacquelynn Nickler

DATED this ___ day of September, 2016.

OFFICE OF THE ATTORNEY GENERAL

_____
Fredrick J. Perdomo, Esq.
Senior Deputy Attorney General
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson, City, Nevada 89701-4717
Attorneys for Defendant Steven Grierson

## ORDER

IT IS SO ORDERED.

DATED this ___ day of _____, 2016.

_____
U.S. MAGISTRATE JUDGE