**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JACQUELYNN NICKLER, | Case No. 2:14-cv-01907-APG-CWH |
| Plaintiff, | |
| v. | |
| COUNTY OF CLARK, et al., | **ORDER** |
| Defendants. | |

Presently before the court is Defendant Steven Grierson's motion (ECF No. 62) to stay discovery pending a ruling on his renewed motion to dismiss, filed on September 2, 2016. Plaintiff filed a response (ECF No. 71) on October 6, 2016, and Defendant filed a reply (ECF No. 72) on October 17, 2016.

Defendant requests to stay discovery in this matter pending the resolution of his renewed motion (ECF No. 53) to dismiss. Defendant argues that the pending motion to dismiss is potentially dispositive of the entire case, that no discovery is needed to resolve the issues pertinent to the motion, and that a stay until after the resolution of the motion would allow both parties to avoid expensive and potentially unnecessary discovery. In her response, Plaintiff argues that newly introduced evidence makes it unlikely that Defendant's motion will prevail, and that she would be prejudiced by a stay.

It is within the court's broad discretion over discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In determining whether to stay discovery pending resolution of a dispositive motion, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In order to determine if a stay is appropriate, the court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the motion

can be decided without additional discovery.  *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).   Further, "a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief."  *Tradebay LLC V. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  This analysis requires the court to take a "preliminary peek" at the merits of the pending dispositive motion.  *Id.*

Here, both parties concede that the pending motion to dismiss would be dispositive of all claims, and that the motion may be resolved without discovery.  Therefore, the only factor to consider is whether the motion is likely to succeed.  The court took a "preliminary peek" at Defendant's renewed motion to dismiss and finds that it is likely to succeed on the merits.

IT IS THEREFORE ORDERED that Defendant's motion (ECF No. 62) to stay discovery is GRANTED.

IT IS FURTHER ORDERED THAT if the court denies the pending motion to dismiss (ECF No. 53), the parties must meet and confer and file a proposed discovery plan and scheduling order within 14 days from the date of the order denying the motion to dismiss.  The proposed discovery plan and scheduling order must comply with LR 26-1(e), with discovery deadlines measured from the date of the order on the motion to dismiss.

DATED: October 20, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge