UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACQUELYNN NICKLER, | Case No. 2:14-CV-1907 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| COUNTY OF CLARK, et al., | |
| Defendant(s). | |

Presently before the court is defendant Steve Grierson's renewed motion to dismiss. (ECF No. 53). Plaintiff Jacquelynn Nickler filed a response (ECF No. 55)[1], to which defendant replied (ECF No. 57).

Defendants Clark County and Kathleen Lambermont joined defendant Grierson's renewed motion to dismiss. (ECF No. 54). Plaintiff filed a response to the joinder (ECF No. 56), to which defendants replied (ECF No. 58).

**I.  Facts**

This is a civil rights case brought under 42 U.S.C. § 1983.  Plaintiff works as a district attorney team clerk with the Clark County district attorney's ("CCDA") office at the Regional Justice Center ("RJC").  At the relevant time, defendant Grierson was the RJC court executive officer; defendant Lambermont was an administrator for the CCDA's office.  (ECF No. 1).

---

[1]  Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose.  The court cannot consider plaintiff's request for leave to amend her complaint unless it is filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

1    The instant action arises from incidents occurring on December 17, 2012. On that morning, plaintiff arrived to work and belatedly received her calendar for the day. (ECF No. 1 at 3). In the preceding month, the court had implemented a new calendaring program which increased the workload for those in plaintiff's position. (ECF No. 1 at 3–4).

As a result of the new program, plaintiff's calendar on December 17, 2012, was longer than usual. (ECF No. 1 at 4). Plaintiff and her supervisor rushed to prepare the additional cases on her calendar before court commenced for the day. (ECF No. 1 at 4). During this time, plaintiff made a comment along the lines of "no wonder shit like Friday happens." (ECF No. 1 at 4).

On the preceding Friday, December 14, 2012, another justice court employee, Rosemary Servin, left work without completing her tasks. (ECF No. 1 at 3). She allegedly did so out of frustration with the new calendaring system. (ECF No. 1 at 3). Plaintiff contends that she was referencing Servin's departure in making the above comment. (ECF No. 1 at 4). However, Friday, December 14, 2012, was also the date of the Sandy Hook Elementary School shooting in Newtown, Connecticut. (ECF No. 1 at 5).

Based on her statement, plaintiff was later escorted out of a meeting to a private office by defendant Lambermont. (ECF No. 1 at 4). Defendant Lambermont advised plaintiff that the employer would be conducting a workplace violence assessment. (ECF No. 1 at 4). Plaintiff was instructed to pack up her belongings and was escorted out of the building. (ECF No. 1 at 4). Defendant Lambermont suspended plaintiff pending an investigation. (ECF No. 1 at 4). Plaintiff's identification badge and office keys were confiscated. (ECF No. 1 at 5).

Also on December 17, 2012, defendant Lambermont observed a number of violence and gun-related cartoons, photos, and logos in plaintiff's cubicle. (ECF No. 1 at 5). These items increased defendant Lambermont's concern that plaintiff posed some danger to the RJC community. (ECF No. 22).

On December 21, 2012, plaintiff met with human resources. (ECF No. 1 at 5). On December 31, 2012, plaintiff attended a disciplinary hearing. (ECF No. 1 at 5). At the conclusion of the hearing, plaintiff's access badge was returned and she was granted permission to return to work on January 3, 2013. (ECF No. 1 at 5). However, on January 2, 2013, defendant Lambermont

**James C. Mahan**
**U.S. District Judge**

- 2 -

called plaintiff at her home and told her that she would not have the same "badging privileges" as other employees when she returned to work. (ECF No. 1 at 5). Generally, RJC employees may use their badges to enter the building without being searched, while members of the public must remove their shoes and consent to scans of their belongings and person. (ECF No. 1 at 6).

On January 3, 2013, plaintiff arrived at the loading dock near the south entrance to the RJC at 6:30 a.m., as instructed. (ECF No. 1 at 6). The loading dock was not open and plaintiff could not get into the building. Clark County district attorney Steve Wolfson eventually arrived and inquired into why plaintiff was denied access. (ECF No. 1 at 6). The loading dock was later opened and plaintiff was required to remove her jacket and shoes and submit to a scan of her belongings and person before entering the building. (ECF No. 1 at 6).

Upon plaintiff's return to work, defendant Lambermont required plaintiff to undergo a certificate for fitness procedure. (ECF No. 1 at 6). As part of this process, plaintiff attended a mental health evaluation on January 24, 2013. (ECF No. 1 at 6). The evaluation included a written examination and meeting with a psychologist. (ECF No. 1 at 6). Plaintiff was issued a certificate of fitness to perform all duties of her position with no restrictions. (ECF No. 1 at 6).

Plaintiff authorized the limited release of the results of this certification procedure to prove that she could perform her position without restriction. (ECF No. 1 at 6). However, plaintiff contends that after the certificate of fitness was issued, defendants Lambermont and Grierson "insisted upon obtaining information beyond the scope of [p]laintiff's limited release in violation of [p]laintiff's HIPAA rights." (ECF No. 1 at 7).

Further, plaintiff asserts that despite the certification, she continued to be subjected to searches upon entry to the RJC through the public entrance every day, while other employees were not searched. (ECF No. 1 at 7). Plaintiff claims that her requests for the reinstatement of her badging privileges were refused. (ECF No. 1 at 7).

On November 14, 2014, plaintiff filed a complaint based on the foregoing, asserting three causes of action: (1) 42 U.S.C. § 1983 for various constitutional violations; (2) a *Monell* claim; and (3) negligence. (ECF No. 1). Defendants Grierson and Lambermont are sued in their individual capacities. (ECF No. 1 at 2).

James C. Mahan
U.S. District Judge

On February 12, 2015, plaintiff filed a motion for a preliminary injunction (ECF No. 8), which the court denied on April 22, 2015 (ECF No. 39). On May 22, 2015, plaintiff filed a notice of appeal as to the court's order denying her motion. (ECF No. 43). The Ninth Circuit affirmed the court's judgment. (ECF Nos. 49, 50, 52).

Thereafter, defendants filed the instant motion seeking dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 53, 54).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

**James C. Mahan**
**U.S. District Judge**

- 4 -

(internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

#### A.  42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."  *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

For a defendant to be held liable under § 1983, the plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights.  In other words, there can be no liability under § 1983 based on *respondeat superior* or other theory of vicarious liability.  *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 663 n.7 (1978); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Liability under § 1983 attaches upon personal participation by a defendant in the constitutional violation.  *Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that defendants violated her rights protected under the First, Fourth, Ninth, and Fourteenth Amendments by continuing to search her after she was determined fit for duty, failing to provide her a hearing concerning the searches, punishing her for her statement, and seeking her protected personal medical information.  (ECF No. 1 at 7–8).

. . .

### *1. First Amendment—Free Speech*

Plaintiff alleges that defendants violated her First Amendment right to petition the government about the government by punishing her for her statement. (ECF No. 1 at 7–8).

"[T]he State's interest in regulating the speech of its employees differs significantly from its interest in regulating the speech of its citizenry." *Rendish v. City of Tacoma*, 123 F.3d 1216, 1219 (9th Cir. 1997). "To be protected by the First Amendment, a public employee's speech must involve a matter of public concern." *Id.* "A public employee's speech or expressive conduct deals with a matter of public concern when it 'can be fairly considered as relating to a matter of political, social, or other concern to the community.'" *Nunez v. Davis*, 169 F.3d 1222, 1226 (9th Cir. 1999) (quoting *Voigt v. Savell*, 70 F.3d 1552, 1559 (9th Cir. 1995)).

Taking the allegations in the complaint as true, plaintiff has failed to sufficiently state a § 1983 claim for First Amendment violations. In particular, plaintiff has failed to allege that her speech or expressive conduct deals with a matter of public concern. Plaintiff alleged that she was punished for uttering "No wonder shit like Friday happens" in reference to Servin leaving early on Friday. (ECF No. 1 at 4). Reading plaintiff's statement as she asserts it was intended, plaintiff was expressing frustration with the conditions of her employment, which is not a matter of political or social concern to the community.

Accordingly, defendants' motion to dismiss will be granted as to plaintiff's § 1983 claim for First Amendment violations.

### *2. Fourth Amendment—Search & Seizure*

Plaintiff alleges that defendants violated her Fourth Amendment right against unreasonable searches and seizures by continuing to search her after she had been cleared as fit for duty. (ECF No. 1 at 7–8).

It is well-settled that the Fourth Amendment applies to state action through the Fourteenth Amendment. *Elkins v. United States*, 364 U.S. 206, 213 (1960) (citing to *Wolf v. Colorado*, 338 U.S. 25, 27–28 (1949)). In general, the Fourth Amendment requires consent or a valid search warrant for the government to search private property. *Klarfeld v. United States*, 944 F.2d 583, 586 (9th Cir. 1991).

1   Administrative searches, "conducted as part of a general regulatory scheme in furtherance
2   of an administrative purpose," do not require a search warrant. *United States v. $124,570 in U.S.*
3   *Currency*, 873 F.2d 1240, 1243 (9th Cir. 1989). These searches are subject to the Fourth
4   Amendment's reasonableness requirement. *Id.* Further, workplace searches of government
5   employees must be "judged by the standard of reasonableness under all the circumstances."
6   *O'Connor v. Ortega*, 480 U.S. 709, 710 (1987).

7   Courts have found that security procedures similar to those at issue here do not violate the
8   Fourth Amendment. *See United States v. Marquez*, 410 F.3d 612, 616–17 (9th Cir. 2005)
9   (upholding as reasonable airport screening of passengers and baggage, in light of societal safety
10  interests). In particular, the Ninth Circuit has condoned similar searches of individuals entering
11  courthouses. *Klarfeld*, 944 F.2d at 586 (upholding as reasonable a search policy requiring attorney
12  to remove his shoes after he twice set off magnetometer); *McMorris v. Alioto*, 567 F.2d 897, 900–
13  01 (9th Cir. 1978) (finding requirement that members of public pass through metal detectors and
14  submit to pat-down search to be constitutional).

15  Taking the allegations in the complaint as true, plaintiff has failed to sufficiently stated a §
16  1983 claim for unreasonable searches and seizures in violation of the Fourth Amendment. While
17  plaintiff alleged that she "was required to have her belongings scanned and her person wanded[,]"
18  she does not allege that the search was done without her consent. (ECF No. 1 at 6); *see also*
19  *McMorris v. Alioto*, 567 F.2d 897, 901 (9th Cir. 1978) (holding that one impliedly consents to an
20  administrative search of her person and belongings upon entering a courthouse).

21  Accordingly, defendants' motion to dismiss will be granted as to plaintiff's § 1983 claim
22  for Fourth Amendment violations.

23   ### 3.   Ninth Amendment—Privacy

24  Plaintiff alleges that defendants violated her "right to privacy as secured by the Ninth
25  Amendment and the emanations and penumbras of other Amendments to the United States
26  Constitution" by seeking her medical files. (ECF No. 1 at 7–8).

27  However, "[t]he [N]inth [A]mendment has never been recognized as independently
28  securing any constitutional right for purposes of pursuing a civil rights claim." *Strandberg v. City*

**James C. Mahan**
**U.S. District Judge**

- 7 -

*of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (affirming district court dismissal of section 1983 claim based on penumbras of the Ninth Amendment). In fact, "[t]he Supreme Court has repeatedly voiced concern that a section 1983 claim be based on a specific constitutional guarantee." *Id.*

Accordingly, plaintiff has failed to state a § 1983 claim for Ninth Amendment violations and defendants' motion to dismiss will be granted as to this claim.

### 4. Fourteenth Amendment—Due Process

Plaintiff alleges that defendants violated her right to due process of law as secured by the Fourteenth Amendment by failing to provide her a hearing concerning the searches. (ECF No. 1 at 8).

"The Fourteenth Amendment provides that no State shall 'deprive any person of life, liberty or property, without due process of law.'" *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (quoting U.S. Const. Amend. XIV, § 1). "Application of this prohibition requires the familiar two-stage analysis: We must first ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 672 (1977)).

Plaintiff has failed to allege an effect on any interest in continued employment implicating the due process clause of the Fourteenth Amendment. *See Perry v. Sindermann*, 408 U.S. 593, 599 (1972). Moreover, plaintiff has failed to implicate a violation of any fundamental rights protected by substantive due process. *See United States v. Juvenile Male*, 670 F.3d 999, 1012 (9th Cir. 2012) (describing substantive due process rights).

Accordingly, defendants' motion to dismiss will be granted as to plaintiff's § 1983 claim for due process violations under the Fourteenth Amendment

### B. *Monell* Claim

Plaintiff simultaneously contends that defendants Lambermont and Grierson are policymaking officials at the RJC and that the actions of these defendants were ratified by Clark County policymaking officials. (ECF No. 1 at 8–9). Plaintiff seeks to hold Clark County liable

1  for defendants' decisions regarding plaintiff's badging privileges on the basis that these decisions
2  result from an unconstitutional custom or policy.  (ECF No. 1 at 8–9).

3  The United States Supreme Court set forth the principal framework governing municipal
4  liability for § 1983 actions in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).
5  "Municipalities are 'persons' under 42 U.S.C. § 1983 and thus may be liable for causing a
6  constitutional deprivation."  *Long v. City of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)
7  (citing *Monell*, 436 U.S. at 690).

8  Under *Monell*, "a local government may not be sued under § 1983 for an injury inflicted
9  solely by its employees or agents." *Monell*, 436 U.S. at 694.  Rather, the government as an entity
10 is responsible under § 1983 "when execution of a government's policy or custom, whether made
11 by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,
12 inflicts the injury." *Id.*  Thus, for liability to attach, four conditions must be satisfied: "(1) that [the
13 plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had
14 a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional
15 right; and (4) that the policy is the 'moving force behind the constitutional violation.'"  *Van Ort v.*
16 *Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (alteration in original) (citations omitted).

17 Additionally, the Ninth Circuit has established a different formulation of *Monell* liability.
18 "A plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort
19 was the result of a longstanding practice or custom which constitutes the standard operating
20 procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly
21 represent official policy such that the challenged action constituted official policy; or, (3) an
22 official with final policy-making authority delegated that authority to, or ratified the decision of, a
23 subordinate."  *Price v. Sery,* 513 F.3d 962, 966 (9th Cir. 2008).

24 Further, more proof than the single incident at issue is required to establish *Monell* liability.
25 *See Davis v. City of Ellensburg*, 869 F.2d 1230 (9th Cir. 1989); *City of Oklahoma City v. Tuttle*;
26 471 U.S. 808, 824 (1985).

27 Plaintiff has failed to identify a specific policy pursuant to which these defendants acted.
28 Plaintiff alleged that "[t]he acts and omissions of all [d]efendants as set forth herein were at all

James C. Mahan
U.S. District Judge

- 9 -

1  material times pursuant to the actual customs, policies, practices and procedures of Clark County,"
2  but failed to state facts to support this allegation.  (ECF No. 1 at 8).  Plaintiff's contention that
3  defendants Lambermont and Grierson acted in a policymaking capacity is similarly unsupported
4  by the factual allegations in the complaint.

5  Accordingly, defendants' motion to dismiss will be granted as to plaintiff's *Monell* claim.

6  **C.  Negligence**

7  Plaintiff alleges that defendants owed her "the duty to act with due care in the execution
8  and enforcement of any right, law, or legal obligation."  (ECF No. 1 at 10).

9  To prevail on a claim for negligence, a plaintiff must generally show four elements: (1)
10 defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) the breach was the
11 legal cause of plaintiff's injury; and (4) plaintiff suffered damages.  *Scialabba v. Brandise Constr.*
12 *Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996).

13 "Whether a defendant owes a plaintiff a duty of care is a question of law."  *Harrington v.*
14 *Syufy Enters.*, 931 P.2d 1378, 1381 (Nev. 1997).  "A duty in tort owing from a defendant to a
15 plaintiff can be created by law, by a defendant's assumption of that duty, or by a preexisting
16 relationship between the plaintiff and the defendant."  *Jacobsen v. Marin Gen. Hosp.*, 192 F.3d
17 881, 885 (9th Cir. 1999).

18 Plaintiff's negligence claim essentially reformats her constitutional claims.  However,
19 plaintiff cannot claim violations of her constitutional rights against individuals through a
20 negligence claim.  The Constitution applies to government conduct, and does not restrict the
21 actions of private individuals.  Plaintiff has failed to state any facts to support her contention that
22 the individual defendants owed her any of the alleged duties outside the context of a cause of action
23 under 42 U.S.C. § 1983.

24 Accordingly, defendants' motion to dismiss will be granted as to plaintiff's negligence
25 claim.

26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 10 -

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's renewed motion to dismiss (ECF No. 53) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

DATED November 2, 2016.

_____
UNITED STATES DISTRICT JUDGE