UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACQUELYNN NICKLER, | Case No. 2:14-CV-1907 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| COUNTY OF CLARK, et al., | |
| Defendant(s). | |

Presently before the court is defendant Steven D. Grierson's ("Grierson") motions to dismiss (ECF No. 96) and for summary judgment (ECF No. 97). Plaintiff Jacquelynn Nickler ("Nickler") filed a response (ECF Nos. 104; 105), to which Grierson replied (ECF No. 110; 111).

Also before the court is Nickler's motion for leave to file an amended complaint. (ECF No. 103). Grierson filed a response (ECF No. 109), as did defendants County of Clark ("the county") and Kathleen Lambermont ("Lambermont") (collectively "the county defendants") (ECF No. 108), to which Grierson replied (ECF No. 116). Grierson also filed a supplement to his response. (ECF No. 117).

I.  **Background**

This is the first of two actions Nickler filed against Grierson and the county defendants arising from adverse employment actions taken against her as the result of a comment Nickler made at work. (ECF No. 1); *see also Nickler v. Clark County et al.*, case number 2:18-cv-01668-JCM-VCF ("*Nickler II*"). Nickler brought § 1983 claims under the First, Fourth, Ninth, and Fourteenth Amendments; a *Monell* claim; and a common law negligence claim. (ECF No. 1). The parties are well aware of the facts underlying Nickler's claims, and the court need not reiterate them here.

**James C. Mahan**
**U.S. District Judge**

As relevant to this motion, the court dismissed Nickler's claims under Rule 12(b)(6) (ECF No. 76), and the Ninth Circuit affirmed in large part (ECF No. 83). The Ninth Circuit affirmed this court's dismissal of Nickler's *Monell* claim, common law negligence claim, and § 1983 claims under the First, Ninth, and Fourteenth Amendments. (*See generally* ECF No. 83). Regarding her Fourth Amendment § 1983 claim, the Ninth Circuit held that "[i]n order to single Nickler out for treatment different than her peers, the defendants had to make an individualized determination that Nickler merited a more intrusive search." *Id.* at 5.  However, the Ninth Circuit reversed noted that the obligation to make an in individualized determination "was not clearly established at the time of the searches, so defendants are entitled to qualified immunity **except as to Nickler's request for injunctive relief**." *Id.* (internal citation omitted and emphasis added).

Grierson now moves to dismiss and, alternatively, for summary judgment as to Nickler's claim for injunctive relief, arguing that her request is now moot. (ECF Nos. 96; 97). Nickler moves to amend her complaint to reassert her First and Fourth Amendment § 1983 claims, to bring a new claim for defamation per se, and to revive state tort claims that the court dismissed in her other case. (ECF No. 103-2); *Nickler II*.

## II. Legal Standard

### a. Leave to amend

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  But Rule 15(a)(2) also provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.*  The United States Supreme Court has interpreted Rule 15(a) and confirmed that district courts must apply a liberal standard when considering whether to grant leave to amend.  In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

James C. Mahan
U.S. District Judge

- 2 -

371 U.S. 178, 182 (1962).  Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

### b. **Mootness**

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases and controversies."  The "core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983) ("[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy").

"Mootness is a threshold jurisdictional issue."  *S. Pac. Transp. Co. v. Pub. Util. Comm'n of State of Or.*, 9 F.3d 807, 810 (9th Cir. 1993) (citing *Sea–Land Serv., Inc. v. ILWU*, 939 F.2d 866, 870 (9th Cir. 1991)).  The Supreme Court has described the doctrine of mootness "as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English*, 520 U.S. 43, 68 n.22 (1997) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)) (internal quotation marks omitted).  Thus, a case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

In other words, if events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot, *see Stratman v. Leisnoi, Inc.,* 545 F.3d 1161, 1167 (9th Cir. 2008); *DHX, Inc. v. Allianz AGF MAT, Ltd.,* 425 F.3d 1169, 1174 (9th Cir. 2005), because "[the court] do[es] not have the constitutional authority to decide moot cases," *Foster v. Carson,* 347 F.3d 742, 747 (9th Cir. 2003) (citation and internal quotation marks omitted).
*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

## III. Discussion

### a. Fourth Amendment § 1983 claim

#### i. Injunctive relief

The Ninth Circuit has held that "a statement in a complaint, answer or pretrial order is a judicial admission" and that "statements of fact contained in a brief *may* be considered admissions of the party in the discretion of the district court." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226–27 (9th Cir. 1988) (emphasis in original).

Nickler has admitted in filings to this court that her badge privileges were restored on November 30, 2016. (ECF No. 96-1 at 6, 13–15). Nickler made the same representations to the Ninth Circuit. (ECF Nos. 109 at 14–15 (citing Nickler's opening and reply briefs in case no. 19–15761)). Thus, the court accepts Nickler's repeated representations in pleadings and other filings as a judicial admission.[1]

Thus, it appears Nickler's badge privileges were fully restored, thus mooting her request for injunctive relief. Nickler argues that the issue is not moot under the voluntary cessation doctrine. (ECF No. 110 at 12–15). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)).

Here, the court finds that defendants' wrongful behavior could not reasonably be expected to recur. Prior to this case, defendants' obligation "to make an individualized determination that Nickler merited a more intrusive search" was not clearly established. (ECF No. 83 at 5). Now, however, Nickler's badging privileges have been restored and defendants are clearly on notice that they cannot capriciously revoke such privileges without making such a determination. Thus, the

---

[1] Nickler argues that this court should not accept her representations as judicial admissions because the complaint and "all other documents" in the companion case "were drafted by [her] attorney who was unaware that some of [her] badging privileges have NOT been restored as of November 30, 2016." (ECF No. 105-3 at 2–3). However, it is axiomatic in "our system of representative litigation" that "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)).

James C. Mahan
U.S. District Judge

- 4 -

voluntary cessation exception does not apply, and Nickler's request for injunctive relief is moot. The court grants Grierson's motion to dismiss accordingly.[2]  (ECF No. 96).

### ii. Monetary relief

Nickler attempts to replead this § 1983 claim with the addition of monetary damages. However, the Ninth Circuit has already held that defendants' obligation to make an individualized determination regarding whether Nickler was a threat and to search her accordingly "was not clearly established at the time of the searches, **so defendants are entitled to qualified immunity except as to Nickler's request for injunctive relief**."  (ECF No. 83 at 5 (emphasis added)).

This court cannot usurp the Ninth Circuit's holding. *See United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006) ("The rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution." (citation omitted)).  Therefore, the court finds, as it must, that defendants are entitled to qualified immunity on this claim. Consequently, Nickler's proposed amendment is futile.

### b. First Amendment § 1983 claim and defamation per se claim

Nickler seeks to avoid this court's and the Ninth Circuit's holding—that she failed to allege any facts giving rise to a plausible claim that she was speaking on a matter of public concern (ECF Nos. 76 at 6; 83 at 2)—by pleading it in the alternative to a defamation per se claim. (*See* ECF No. 103-2 at 13–16). Thus, Nickler alleges that her First Amendment rights were violated if her comment pertained to the Sandy Hook Elementary School shooting. *Id.* at 13–14. If, however, she was talking about her coworker leaving early, she alleges that defendants defamed her. *Id.* at 14–16.

The court finds that Nickler's proposed amended complaint does not plausibly allege that either Grierson or Lambermont defamed her. *See generally id.*  Nickler supports this claim with only conclusory allegations of law and a recitation of the elements of defamation. Nickler claims that "[d]efendants, and each of them, made one or more false and defamatory written and/or oral

---

[2] The court denies Grierson's motion for summary judgment as moot. (ECF No. 97).

communications of and concerning the plaintiff." *Id.* at 14. But Nickler does not provide any specific factual allegations regarding what was said or to whom.[3]

Without further factual support, Nickler fails to state a claim because she does not plausibly allege that Grierson or Lambermont made or published any false statement of fact. Thus, Nickler's proposed amended complaint is futile as to this claim.

Similarly, Nickler does not cogently allege that she was speaking about a matter of public concern. To the contrary, Nickler alleged in her initial complaint in this case that she "uttered 'No wonder shit like Friday happens,' **in reference to Ms. Servin leaving early on Friday**." (ECF No. 1 at 4 (emphasis added)). The court takes this allegation as a judicial admission that Ms. Nickler was talking about Servin's frustration with the new "Odyssey" system causing her to leave work. *See Am. Title Ins. Co.*, 861 F.2d at 226 (9th Cir. 1988). Thus, Nickler has conceded that her comment does not garner First Amendment protections. *See Weeks v. Bayer,* 246 F.3d 1231, 1235 (9th Cir.2001) (First Amendment does not protect individual personnel disputes and everyday workplace grievances).

Accordingly, Nickler's proposed amendment is futile.

**c. Remaining state tort claims**

The court dismissed Nickler's remaining state tort claims—intentional interference with prospective economic advantage ("IIPEA") and civil conspiracy—as time-barred in the companion case, and the Ninth Circuit affirmed that decision. (*Nickler II*, ECF Nos. 41 at 6–9; 47 at 2–3). In particular, the Ninth Circuit held that, "[g]iven the determination that the state law claims were time-barred, the district court did not err in dismissing the claims **without granting leave to amend**." (*Nickler II*, ECF No. 47 at 3 (citing *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991)) (emphasis added)).

---

[3] The first amended complaint contains only one mention of a specific statement: Steve Moody's email indicating that "[a]lthough Nickler's statements are not specific threats, they are cause for concerns due to recent national events." (ECF No. 103-2 at 13). However, Nickler does not suggest that this email—which she uses to support her First Amendment claim—contained any false statement or is anything other than Mr. Moody's opinion.

Once again, this court cannot usurp the Ninth Circuit's holding. *See Garcia-Beltran*, 443 F.3d at 1130. Thus, Nickler's claims were time barred in the companion case, and the Ninth Circuit held that the court properly denied leave to amend.

Nor do Nickler's claims relate back to the initial complaint in this action. Although it appears that Nickler had sufficient facts to allege IIPEA and civil conspiracy in her initial complaint, she elected not to do so. As Grierson argues, "a review of the operative complaint fails to note any factual allegation relating to Nickler's alleged intentional interference. Rather, it was the motion for preliminary injunction . . . that alleged the need for an injunction due to financial considerations relating to alleged missed overtime." (ECF No. 109 at 11). Instead, she brought those claims in *Nickler II* and argued that the continuing violation doctrine or continuous accrual doctrine made her claims timely—an argument this court and the Ninth Circuit rejected.

Thus, Nickler's state tort claims remain time barred, making amendment futile.

### d. Dismissal of Nickler's claims

The Ninth Circuit initially remanded this case on August 15, 2018, and amended its memorandum on October 24, 2018. (ECF Nos. 81; 83). After the court initially remanded this case, Nickler filed *Nickler II* on August 31, 2018. (*Nickler II*, ECF No. 1). Nickler amended her complaint in that case on November 15, 2018. (*Nickler II*, ECF No. 9). As discussed above, this court dismissed Nickler's complaint on April 15, 2019, and Nickler appealed. (*Nickler II*, ECF Nos. 41; 44). Grierson filed the instant motions to dismiss and summary judgment in this case in September 2019. (ECF Nos. 96; 97). Only then did Nickler move to file an amended complaint in this action. (ECF No. 103).

Thus, the court finds that Nickler unduly delayed in amending her complaint.[4] Although, "[u]ndue delay by itself is insufficient to justify denying leave to amend," *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (citing *Owens v. Kaiser Found. Health*

---

[4] Nickler contends that she did not unduly delay because, by her estimation, "[t]his case has been under a stay order that has never been expressly lifted since October 20, 2016." (ECF No. 110 at 7 (citing ECF No. 74)). But Nickler refers to an order that stayed only discovery in this action. (*See* ECF No. 74). Moreover, the stay specified that it automatically lifted upon this court's adjudication of Grierson's prior motion to dismiss. *Id.*

James C. Mahan
U.S. District Judge

- 7 -

*Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001)), the court has found that other *Foman* factors weigh against granting Nickler leave to amend her complaint.

In light of Nickler's undue delay in amending her complaint, the futility of her proposed amended complaint, her judicial admissions making several of the fatal deficiencies in her claims incurable, and her bad faith attempt to revive the state law tort claims she raised in the companion case, the court dismisses Nickler's complaint with prejudice.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Nickler's motion for leave to file an amended complaint (ECF No. 103) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Grierson's motion to dismiss (ECF No. 96) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Grierson's motion for summary judgment (ECF No. 97) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Nickler's claims be, and the same hereby are, DISMISSED with prejudice.

The clerk is instructed to enter judgment and close the case accordingly.

DATED June 15, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -